### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIFFANY M. WASHINGTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:17-cv-528-TFM-MU |
| | ) | |
| **MARK T. ESPER, as Secretary of** | ) | |
| **DEFENSE, and DEFENSE CONTRACT** | ) | |
| **MANAGEMENT AGENCY,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are *Defense Contract Management Agency's Motion to Dismiss Plaintiff's Second Amended Complaint [Fed. R. Civ. P. 12(b)(1)]* (Doc. 87, filed April 14, 2020) and *Plaintiff's Motion Requesting Oral Argument on Defendants' Motion to Dismiss Second Amended Complaint [Fed. R. Civ. P. 12(b)(1)]* (Doc. 92, filed May 14, 2020). Plaintiff Tiffany Washington filed a response in opposition to the motion to dismiss (Doc. 89, filed May 6, 2020). Defendant Mark T. Esper filed a reply in support of the motion to dismiss (Doc. 91, filed May 13, 2020) and a response to the Court's order to show cause referencing Plaintiff's motion requesting oral argument (Doc. 94, filed May 18, 2020). After a careful review of all the written pleadings, motions, responses, replies, and exhibits, the Court **GRANTS** the motion to dismiss (Doc. 87) and **DENIES** the motion requesting oral argument for the reasons articulated below.

### I.   PARTIES AND JURISDICTION

Plaintiff Tiffany M. Washington ("Plaintiff" or "Washington") brought suit in this Court pursuant to 28 U.S.C. § 1346(a)(2) (federal question jurisdiction), asserting five breach of contract claims against the Defense Contract Management Agency ("DCMA"), Washington's former

employer, and the Secretary of Defense Mark T. Esper, as the named representative for the DCMA (collectively, "Defendants"). Defendants contest subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Washington was employed as a Procurement Analyst, GS-1102-12, at the DCMA, an agency within the Department of Defense, from 2008 through 2015.[1] DCMA fired Washington for "submission of inaccurate statements" and "conduct unbecoming a federal employee." *Washington v. Department of Defense*, 2015 MSPB LEXIS 8858, *1 (Oct. 27, 2015). See Doc. 86-1, Exhibit 1. Specifically, they found Washington falsified claims for relocation expenses. *Id*. at *3-5. As a part of Washington's termination, DMCA did not reimburse Washington for those expenses. Subsequently, Washington has made three attempts at appealing her employment termination and reimbursement of her falsified expenses.

Washington appealed her termination to the Merit Systems Protection Board ("MSPB"), which ruled against her and upheld her termination on October 27, 2015. *Id*. at *1. On June 28, 2016 MSPB denied Washington's petition for review and affirmed MSPB's initial decision, making it MSPB's final decision. *Washington v. Department of Defense*, 2016 MSPB LEXIS 3789 (June 28, 2016). See Doc. 86-1 at 13, Exhibit 2. Following MSPB's adverse final decision, Washington appealed to the United States District Court for the Northern District of Georgia in *Washington v. Dep't of Defense-Defense Contract Management Agency*, Civ. Act. No. 1:16-cv-

---

[1] Decision Letter in response to Step 1 Grievance, Doc. 89-6 ("Ms. Washington was terminated from federal service with DCMA, effective May 20, 2015. One of the bases [*sic*] for Ms. Washington's termination was her submission of inaccurate documents to DCMA after she was directed by the Agency to move from Mobile, Alabama to Smyrna, Georgia in October 2013. Although Ms. Washington claimed expenses in excess of $40,000 in relation to her purported Permanent Change of Station (PCS) move, the Agency determined that she had not actually incurred the claimed expenses and therefore it did not pay them.").

2883. Doc. 86-1 at 21, Exhibit 3. In the Georgia Court, Washington brought the action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e and 5 U.S.C. § 7703(b)(2) Discrimination alleging breach of employment contract and intentional and negligent infliction of emotional distress. *Id*. On May 12, 2017, the district court transferred the case to the United States Court of Appeals for the Federal Circuit ("Federal Circuit"), finding that it was the only court with jurisdiction to hear an appeal of MSPB's ruling. On September 3, 2019, the Federal Circuit affirmed without opinion MSPB's final decision upholding Washington's termination. *Washington v. Dep't of Defense*, Civ. Act. No. 17-2072 (D.C. Cir. Sept. 3, 2019). Doc. 86-1 at 45-46, Exhibit 5.

Washington appealed DCMA's disallowance of her relocation expenses to the Civilian Board of Contract Appeals ("CBCA"). The CBCA twice held that it lacked the authority to resolve Washington's claim and that her only recourse was through the mandatory grievance procedures for resolving disputes between the employee and the agency. Doc. 86-1, Exhibits 6,7. On September 16, 2016, Washington's representative (the AFGE Council 170) initiated grievance procedures with DCMA, to which DCMA responded in a letter. DCMA's Final Response Letter informed Washington that according to the Collective Bargaining Agreement, Washington may submit her travel vouchers to the Enterprise Solutions and Standards Division, Travel Function Area within the Defense Finance and Accounting Service ("DFAS") for a final resolution of any financial computations pertaining to her travel expenses reimbursement. Although the letter provided the appropriate mailing addresses, Washington did not submit any documentation to DFAS to further pursue her grievances.

On November 29, 2017, Washington brought the instant action in this Court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq., as amended by the Civil Rights

Act of 1991.  On July 11, 2019, Washington filed a *Motion to Stay* (Doc. 59) the proceedings pending the outcome of the case before the Federal Circuit (Civ. Act. No. 17-2072).  Doc. 59.  On July 19, 2019, this Court granted Washington's unopposed motion to stay.  *See* Docs. 62, 63.  Following the Federal Circuit's decision in *Washington v. Dep't of Defense* (Civ. Act. No. 17-2072), Defendants filed a *Motion to Dismiss for Mootness* (Doc. 64).  On October 3, 2019, the Court denied this motion because Washington still had time left to appeal the Federal Circuit's ruling.  Doc. 65.  On October 29, 2019, Washington filed a *Notice of Filing and Motion to Continue Stay* (Doc. 68) pending her Petition for Panel Rehearing before the Federal Circuit.  Doc. 68.  The Court granted this motion on November 14, 2019.  Doc. 69.  On February 13, 2020, Attorney Scott W. Hunter filed a *Motion to Withdraw* (Doc. 77) due to Washington's decision to prosecute the remainder of her claims *pro se*.  On February 18, 2020, this Court granted Attorney Scott W. Hunter's *Motion to Withdraw*, making Washington a *pro se* plaintiff.  Doc. 79.  Additionally, this Court found Washington's counts 1 – 4 moot and dismissed them with prejudice.  Doc. 79.  On March 31, 2020, this Court granted Washington's *Motion for Leave to Amend Complaint* and construed Washington's "Third Amended Complaint" as the operative Second Amended Complaint in this case.  Doc. 84.  Washington's amended complaint brings five breach of contract claims against DCMA and seeks to recover falsified relocation expenses that other tribunals have repeatedly dismissed.  Docs. 85, 86-1.

### III.   STANDARD OF REVIEW

A Fed. R. of Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp.2d 468, 470 (M.D. Ala. 2000).  The burden of proof for a Fed. R. of Civ. P. 12(b)(1) motion is on the party averring jurisdiction.  *Gilmore*, 125 F. Supp.2d

at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).  A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually.  *Makro v. Capital of Am., Inc. v. UBS AG,* 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a [Fed. R. Civ. P.] 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review).  The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).  "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 1206.  When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss.  *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015).  Exhibits attached to the complaint are considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed.  *Id.*

A "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997)[hereinafter *Miccosukee Tribe*]. "[A] trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp.3d 1167, 1173 (M.D. Ala. 2014). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530). The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P.] 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*." *Morrison*, 323 F.3d at 925 (emphasis in original) (internal quotation marks omitted) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)).

## IV.   DISCUSSION AND ANALYSIS

Defendants move this Court to dismiss Plaintiff's claims with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Doc. 87. Plaintiff moves this Court to allow oral argument on Defendants' motion to dismiss, but the Court finds that oral argument is unnecessary in this matter. Defendants employ a factual attack on the Court's subject matter jurisdiction due to Plaintiff's failure to follow DCMA's grievance process necessary to exhaust her administrative remedies. *Id*. at 10. Thus, the pertinent issue that DCMA presents is whether Plaintiff properly invoked the Court's subject matter jurisdiction. *Id*. Plaintiff bears the burden of

proof to show that this Court has subject matter jurisdiction over her claims. *See Gilmore*, 125 F. Supp.2d at 471. Plaintiff may meet this burden by showing that she followed the grievance process necessary to exhaust her administrative remedies or by citing to a statute that establishes this Court's subject matter jurisdiction. The Court finds that Plaintiff has failed to do both.

**A.     Plaintiff's Administrative Remedies**

After DCMA's denial of Washington's Permanent Change of Station ("PCS") reimbursement requests and the termination of her employment, Washington sought redress of her PCS reimbursement claims from the CBCA. The CBCA refused Washington's request, insisting twice that her exclusive remedy under the Collective Bargaining Agreement was through the grievance process.[2] CBCA reached this conclusion pursuant to the Civil Service Reform Act (5 U.S.C. § 7121 *et seq.*) ("CSRA") and *Aamodt v. United States*, 976 F.2d 691 (Fed. Cir. 1992). *See* Doc. 86-1 at 47-55. In 1994, Congress amended the CSRA to state that negotiated procedures were the exclusive *administrative* procedure for resolving grievances. Both the Eleventh Circuit and the Federal Circuit have adopted the minority view of a circuit split.[3] They have concluded that the 1994 amendment modified the CSRA to permit judicial review of employee grievances, assuming jurisdiction is otherwise established by statute. *See Mudge v. United States*, 308 F.3d 1220 (Fed. Cir. 2002); *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 329 F.3d 1235 (11th Cir. 2003)[hereinafter *ASEDAC v. Panama*]. In *Mudge*, the Federal Circuit held that "the plain language of § 7121(a)(1) as amended is therefore clear: while § 7121(a)(1) limits the administrative resolution of a federal employee's grievances to the negotiated

---

[2] Doc. 86-1 at 48. ("By statute, the grievance procedures in a collective bargaining agreement applicable to a claim of a covered federal employee shall be 'the exclusive administrative procedures for resolving grievances which fall within its coverage.' 5 U.S.C. § 7121(a)(1)(2012).").
[3] This Court is bound by Eleventh Circuit precedent.

procedures set forth in his or her [collective bargaining agreement], the text of the statute does not restrict an employee's right to seek a judicial remedy for such grievances." *Mudge*, 308 F.3d at 1227.  In *ASEDAC v. Panama*, the Eleventh Circuit held that "Congress' addition of the word 'administrative' to § 7121(a)(1) established a federal employee's right to seek a judicial remedy for employment grievances subject to the negotiated grievance procedures contained in his or her collective bargaining agreement." *ASEDAC*, 329 F.3d at 1241.

Defendants argue that although precedent permits federal employees to seek a judicial remedy for employment grievances, they must exhaust their administrative grievances prior to bringing claims in court.  Doc. 87 at 11-12.  Defendants reason that "even when an employee like Plaintiff contests their termination before the MSPB, the employee must still exhaust their Collective Bargaining Agreement violation grievances before bringing those claims to a court." *Id*.  "The CSRA requires employees to exhaust their grievances under the CBA before bringing claims in court." *Williams v. Paulson*, Civ. Act. No. 1:06-CV-0876-CC-AJB, 2007 U.S. Dist. LEXIS 104376, at *70, 2007 WL 9652983, at *25 (N.D. Ga. Dec. 24, 2007) (citing *Steadman v. Governor, U.S. Soldiers' and Airmen's Home*, 918 F.2d 963, 967-68, 287 U.S. App. D.C. 23 (D.C. Cir. 1990)(requiring exhaustion of CSRA remedy before bringing suit); *Filebark v. United States DOT*, 468 F. Supp. 2d 3, 7 (D.D.C 2006) (noting that a party must exhaust administrative remedies available to it in a labor dispute before bringing a civil action in district court); *O'Dwyer v. Snow*, Civ. Act. No. 00CIV8918, 2004 U.S. Dist. LEXIS 3528, at *22, 2004 WL 444534, at *7 (S.D.N.Y. Mar. 10, 2004) (noting that employee who chooses to grieve about violation of a CBA must exhaust remedies before bringing suit)).

Here, it is clear that Washington did not exhaust all of the available administrative remedies prior to bringing this suit.  Pursuant to the Collective Bargaining Agreement, DCMA's Final

Response Letter informed Washington that she may submit her travel vouchers to the DFAS for a final resolution of any financial computations pertaining to her travel expenses reimbursement.[4] Although the letter provided the appropriate mailing addresses, Washington did not submit any documentation to DFAS to further pursue her grievances. Thus, this Court finds that Plaintiff fails to establish subject matter jurisdiction because she did not follow DCMA's grievance process necessary to exhaust her administrative remedies.

B.     **Statutory Subject Matter Jurisdiction**

Plaintiff bears the burden of proof to show that this Court has subject matter jurisdiction over her claims. *See Gilmore*, 125 F. Supp.2d at 471. This burden has not been met because Plaintiff has failed to cite a statute that establishes this Court's jurisdiction. The Court finds that the grievance procedure before DCMA and DFAS are Plaintiff's sole remedy to seek reimbursement.

V.     CONCLUSION

In accordance with the Eleventh Circuit binding precedent, the Court finds Plaintiff has failed to follow DCMA's grievance process necessary to exhaust her administrative remedies and establish a statutory basis for subject matter jurisdiction. Plaintiff's claims are dismissed with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court notes that Plaintiff has already litigated this matter in several other tribunals—the MSPB, the United States District Court for the Northern District of Georgia, the Federal Circuit, and the CBCA. Thus, Defendant's motion to dismiss (Doc. 87) is **GRANTED** and Plaintiff's motion for oral argument (Doc. 92) is **DENIED**.

---

[4] *See* Collective Bargaining Agreement, Plaintiff's Exhibit 7, Doc. 89-8 at 4. ("The resolution of financial computations shall be a matter solely between the employee and the Defense Finance and Accounting Service (DFAS).").

**DONE** and **ORDERED** this the 5th day of March 2021.

                                                 s/Terry F. Moorer
                                                 TERRY F. MOORER
                                                 UNITED STATES DISTRICT JUDGE